IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>Plaintiffs,<br>v.<br>JARED CHRISTIAN SEAVERNS, *et al.*,<br><br>Defendants. | CIVIL ACTION FILE NO.: 1:19-cv-5192-LLM |

**INITIAL DISCLOSURES OF MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, AND HOLISTIC HYDRATION ORGANIZATION, LLC**

Defendants Michael Gayle, Vida Flo Alabama, LLC, and Holistic Hydration Organization, LLC (collectively, the "Alabama Defendants") hereby submit their Initial Disclosures based on the information reasonably available to them at this time. The Alabama Defendants reserve the right to supplement these initial disclosures (either through express supplements or through discovery responses) if additional information becomes available to them.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The Alabama Defendants are properly identified.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

The Alabama Defendants do not contend there are necessary parties who have not been named by Plaintiffs. The Alabama Defendants do not contend they were improperly joined.

**(3)   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

*a. Factual Basis for Defenses to Plaintiffs' Claims*

Count I: Violations of the Sherman Act.

1.   The Alabama Defendants did not enter into an agreement with any Defendant (or with any person) to injure Plaintiffs.

2.   The Alabama Defendants never acted with an intent to injure Plaintiffs.

3.   The Alabama Defendants had valid grievances against Plaintiffs based on (1) HSUSA's mismanagement of the Franchise System and (2) over charging by Fulfillment.

4.   After the "November 2017 Call," the Alabama Defendants continued to work with Plaintiffs and attempted to run a successful Vida Flo franchise.

5.   The Alabama Defendants acted independently and in their own self-interest with respect to their conduct regarding Plaintiffs.

Counts II, III, IV, and VI:  Violations of the Lanham Act, Defend Trade Secrets Act, and Georgia Deceptive Trade Practices Act and Conversion.

1. The Complaint does not allege any facts to support their allegation that Vida Flo Alabama, LLC improperly used any HSUSA protected intellectual property.

2. Intravenous hydration is not unique to Plaintiffs. It is an industry that has been around for decades.  Many cities have multiple drip bar locations as well as options to obtain intravenous hydration at home or in offices or hotel rooms.

3. Holistic Hydration Organization, LLC ("Holistic Hydration") does not use any Vida-Flo branded material.

4. Holistic Hydration operates under a different membership model than Vida-Flo.

5. Holistic Hydration uses different intravenous procedures and dosages than Vida-Flo.

6. Holistic Hydration created a separate and entirely different website than Vida-Flo.

7. Holistic Hydration uses different member and employee agreements than Vida-Flo.

Count V: Fraud

1.      Plaintiffs' fraud claim alleges fraud concerning certain amendments to franchise agreements. The Alabama Defendants are not a party to any such amendment and, therefore, did not make any of the allegedly fraudulent statements pleaded in the Complaint.

Count VII: Tortious Interference with Contractual and Business Relations

1.      The Alabama Defendants did not enter into any agreement with any Defendant (or any other person) to injure Plaintiffs.

2.      Plaintiffs have not alleged any fact to support a tortious interference claim against the Alabama Defendants.

3.      Holistic Hydration did not solicit Plaintiffs' any customer or potential customer of Plaintiffs.

Count VIII: Defamation

1.      The statements in the November 1, 2017 letters and the November 3, 2017 letters were true and/or non-actionable opinion.

2.      Any defamation claim arising out of the November 1, 2017 and November 3, 2017 letters is barred by the statute of limitations.

3.	The statements in the November 1, 2017 and November 3, 2017 letters were not made with malice.

Counts IX and X: Breach of Contract and Unjust Enrichment

1.	HSUSA failed to provide Vida Flo Alabama, LLC ("VF Alabama") franchise support, including marketing materials, as required by the franchise agreement between HSUSA and Vida Flo Alabama, LLC (the "Franchise Agreement").

2.	HSUSA, through its affiliate, Vida-Flo Fulfillment USA, LLC ("Fulfillment"), breached the Franchise Agreement by charging VF Alabama an unreasonable markup on purchases.

3.	HSUSA charged VF Alabama technology fees for which VF Alabama did not receive any benefit.

4.	VF Alabama withheld certain payments from HSUSA only after HSUSA materially breached the Franchise Agreement as set forth above and failed to provide VF Alabama records concerning Fulfillment's costs.

Counts XI, XII, and XIII: Treble Damages, Punitive Damages, and Attorneys' Fees

As all of Plaintiffs' substantive claims against the Alabama Defendants fail, Plaintiffs are not entitled to any damages.

*a. Factual Basis for Counterclaims*

Count I: Breach of Contract

1. The Franchise Agreement required HSUSA, either directly or through an affiliate, to sell products to VF Alabama at its cost, plus shipping and a reasonable markup.

2. HSUSA required VF Alabama to purchase certain products from Fulfillment.

3. Fulfillment charged VF Alabama far more than a reasonable markup.

4. In at least one instance, Fulfillment attempted to charge VF Alabama more than $85 per case for fluids Fulfillment purchased for $42 per case.

5. The Franchise Agreement required HSUSA to provide VF Alabama certain support and marketing materials.

6. HSUSA failed to provide VF Alabama franchise support, including marketing materials.

7. HSUSA charged VF Alabama technology fees for which VF Alabama did not receive any benefit.

Count II: Fraud

1. HSUSA told VF Alabama and Michael Gayle it would mark up products only a reasonable amount and would not charge VF Alabama more than it could purchase products from other suppliers. HSUSA did not intend to keep these agreement when it made them.

2. HSUSA and/or its affiliate, Fulfillment, charged VF Alabama far in excess of a reasonable markup for all fluids it sold to VF Alabama.

Count III: Defamation:

1. On January 11, 2019, HSUSA sent an email (the "January 11 Email") to all former VF Alabama clients falsely stating it had severed ties with VF Alabama due to its bad business practices. The email stated, among other things:

> Due to repeated bad business practices, a lack of attention to the Vida-Flo Core Values and a blatant disregard for the Mission of the business, we have been forced to sever all ties with [VF Alabama].

2. The January 11, 2019, email named Mr. Gayle as one of VF Alabama's owners and provided his personal telephone number and email address.

Count IV: Attorneys' Fees

1. The Alabama Defendants repeatedly attempted to resolve their disputes with Plaintiffs. Plaintiffs acted unreasonably refusing to provide reasonable abatements and refusing to provide information concerning the prices Fulfillment paid for fluids and other products.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.**

The Alabama Defendants contend that the following law is applicable to this action:

1. Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*.

2. Lanham Act, 15 U.S.C. § 1 *et seq*.

3. Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq*.

4. Georgia Deceptive Trade Practices Act., O.C.G.A. 10-1-370, *et seq*.

5. O.C.G.A. § 9-3-33

6. O.C.G.A. § 13-6-11

7. O.C.G.A. § 51-5-7

8. *TechBios, Inc. v. Champagne*, 301 Ga. App. 592 (2009)

9. *Internal Medicine Alliance, LLC v. Budell*, 290 Ga. App. 231 (Ga. App. 2008)

10. *Infinite Energy, Inc. v. Pardue*, 310 Ga. App. 355 (2011)

The foregoing authorities are neither exclusive nor exhaustive, and the Alabama Defendants may rely upon authority not cited herein.

**(5)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of information.  (Attach witness list to Initial Disclosures as Attachment A.)**

*See* Attachment A. The Alabama Defendants reserve the right to supplement these Initial Disclosures as appropriate.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ. P. 26(a)(2(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

The Alabama Defendants have not identified an expert witness to testify at trial. If the Alabama Defendants identify an expert witness for trial, they will notify the remaining parties in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Georgia.

**(7) Provide a copy of, of description by category and local of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C. The Alabama Defendants reserve the right to supplement these Initial Disclosures as appropriate.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including material bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

The Alabama Defendants require information they intend to obtain through discovery to determine their damages. The Alabama Defendants will provide

9

information concerning damages through supplement to this response or interrogatory response.

**(9) If Defendants contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

The Alabama Defendants are not presently aware of any such person at this time.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action to indemnify or reimburse for payments to satisfy the judgment. (Attach a copy of insurance agreement to Initial Disclosures as Attachment E.)**

The Alabama Defendants are not presently aware of any such insurance policy.

Respectfully submitted this 30th day of April, 2020.

/s/ Bryan M. Knight
Bryan M. Knight, Esq.
Georgia Bar No. 142401
Sherri G. Buda, Esq.
Georgia Bar No. 093399
KNIGHT PALMER, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, Georgia 30309
Tel: (404) 228-4822
Fax: (404) 228-4821
bknight@knightpalmerlaw.com
sbuda@knightpalmerlaw.com

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULES AND SERVICE

In accordance with Local Rule 7.1(D), I hereby certify that the foregoing was prepared in Times New Roman, 14 point font, one of the fonts specified in Local Rule 5.1(C). I also hereby certify that I have served the foregoing by filing through the Court's CM/ECF system, which will automatically send email notification all attorneys of record.

This 30th day of April, 2020.

/s/ Bryan Knight
Bryan M. Knight
Georgia Bar No. 142401

# ATTACHMENT A
# <u>WITNESS LIST</u>

Based on the information reasonably available to the Alabama Defendants at this time, the following is a list of the individuals they believe have discoverable information that may support their defenses:

| Individual | Contact Information | Subject Matter |
|---|---|---|
| Each individual Defendant | Each Defendant may be contact through his or her counsel | The individual's communications (or lack of communications) with the Alabama Defendants concerning the matters at issue in this litigation. The lack of any agreement between the Alabama Defendants and the individual Defendant to injure Plaintiffs. |
| Keith McDermott | 530 Spring Valley Rd NW Atlanta, GA 30318 | HSUSA's performance under the Franchise Agreement; Fulfillment's costs and the prices it charges; communications between VF Alabama and HSUSA, Fulfillment, and Mr. McDermott individually. |
| Ivy Robinson | | VF Alabama's requests to HSUSA for franchisor support; HSUSA's failure to provide adequate support to VF Alabama. |
| Katie Shirah | Phone: 229-328-6596 | The prices Fulfillment paid for fluids and other products; the amounts Fulfillment charged VF Alabama; VF Alabama's requests to HSUSA for information concerning Fulfillment's costs and HSUSA's failure and refusal to provide VF Alabama the requested information. |

12

| Benjie Shirah | Phone: 229-328-6123 | VF Alabama's complaints to HSUSA concerning the amounts charged by Fulfillment and the lack of franchisor support; HSUSA failed negotiation with VF Alabama concerning abatement. |
|---|---|---|
| Jamey Shirah | Phone: 229-328-6122 | VF Alabama's complaints to HSUSA concerning the amounts charged by Fulfillment and the lack of franchisor support; HSUSA failed negotiation with VF Alabama concerning abatement. |

# ATTACHMENT C
# DOCUMENTS IN ALABAMA
# DEFENDANTS' POSSESSION, CUSTODY, OR CONTROL

Based on the information reasonably available to the Alabama Defendants at this time, the following is a list of the documents in their possession, custody, or control they may use to support their defenses:

1. The Franchise Agreement.

2. Communications concerning VF Alabama between Michael Gayle and Keith McDermott.

3. Communications concerning VF Alabama between any member or agent of VF Alabama and any member or employee of HSUSA or Fulfillment.

4. Records concerning VF Alabama's purchases from and payments to Plaintiffs for fluids or other products.

5. Records concerning VF Alabama's payments to HSUSA concerning or related to the Franchise Agreement.