**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC, | CIVIL ACTION FILE NO.: 1:19-cv-5192-LMM |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| JARED CHRISTIAN SEAVERNS, *et al.* | |
| Defendants. | |

**MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, AND HOLISTIC
HYDRATION ORGANIZATION, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS
OF MICHAEL GAYLE AND VIDA FLO ALABAMA, LLC**

COME NOW Defendants Michael Gayle, Vida Flo Alabama, LLC, and

Holistic Hydration Organization, LLC (collectively, "Defendants") and hereby file

their Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint

for Damages (the "Complaint"), respectfully showing the Court as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against

Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by Hydration Station USA Franchise System, LLC's breach of its franchise agreement with Vida Flo Alabama.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by setoff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by recoupment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred to the extent Plaintiffs failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by failure of consideration.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by fraud.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims against Defendants are barred by lack of standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

## TWELVTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses that may be discovered during the course of this proceeding.

## ANSWER

Defendants respond to the individually numbered paragraphs of the Second Amended Complaint for Damages ("Complaint") as follows:

## NATURE AND BASIS OF ACTION

1.      Defendants deny the allegations of paragraph 1 of the Complaint.

2.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny same.

3.      Defendants admit the defendants in this case are former franchisees or are entities and individuals with interests in those former franchisees.  Defendants deny the remaining allegations in this paragraph.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.       Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny the allegations in paragraph 6 of the Complaint.

7.      Defendants deny the allegations in paragraph 7 of the Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

## THE PARTIES

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and therefore deny same.

12.     Upon information and belief, Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in the second sentence of this paragraph. Defendants deny the remaining allegations in paragraph.

14.     Defendants admit Brett McCullough is a citizen of the State of Louisiana and that he has an ownership interest in Vida-Flo Louisiana, L.L.C., which operated a Vid-Flo location at 11445 Coursey Boulevard, Suite B, Baton Rouge, Louisiana 70816. Defendants deny the remaining allegations in this paragraph.

15.     Defendants admit Brian McCullough is a citizen of the State of Louisiana and that he has an ownership interest in Vida-Flo Louisiana, which operated the Baton Rouge Location. Defendants deny the remaining allegations in this paragraph.

16.     Defendants admit Michael Gayle is a citizen of the State of Alabama and that he has an ownership interest in Vida Flo Alabama, LLC which operated a Vida-Flo location at 796 Montgomery Highway, Suite 100, Birmingham, Alabama 35216. Defendants deny the remaining allegations in this paragraph.

17.     Defendants admit Derrick Purdy has an ownership interest in Vida Flo Alabama, which operated the Birmingham Location. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence paragraph 17 of the Complaint and therefore deny same. Defendants deny any remaining allegations in this paragraph.

18.     Defendants admit the allegations in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 of the Complaint.

20.     Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Defendants admit the allegations in paragraph 21 of the Complaint.

22.     Defendants admit the allegations in paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

23.     Paragraph 23 of the Complaint states legal conclusions.  To the extent a response may be required, Defendants admit that, as pleaded, the Court has subject matter jurisdiction over this case.

24.     Defendants admit they are subject to personal jurisdiction in this Court because they availed themselves of the benefits of doing business in the state. Defendants deny the remaining allegations in this paragraph.

a.     Defendants admit the allegations in the first sentence of this subparagraph.  Defendants admit the franchise agreement includes venue-selection and choice of law provisions.  Defendants deny the remaining allegations in this subparagraph.

b.     Defendants admit the allegations in the first sentence of this subparagraph.  Defendants admit the franchise agreement includes venue-selection

and choice of law provisions.  Defendants deny the remaining allegations in this subparagraph.

c.      Defendants admit the allegations in the first sentence of this subparagraph.  Defendants admit the franchise agreement includes venue-selection and choice of law provisions.  Defendants deny the remaining allegations in this subparagraph.

25.      Defendants admit venue is proper pursuant to 28 U.S.C. § 1931(b)(3). Defendants deny the remaining allegations in paragraph 25.

## FACTUAL BACKGROUND

26.       Upon information and belief, Defendants admit the allegations in paragraph 26 of the Complaint.

27.       Defendants deny the allegations in paragraph 27 of the Complaint

28.       Defendants are without information or knowledge sufficient to for a belief as to the truth of the allegations in paragraph 28 of the Complaint, including all subparts thereto, and therefore deny same.

29.      Upon information and belief, Defendants admit the allegations in paragraph 29 of the Complaint.

30.      Defendants deny the allegations in paragraph 30 of the Complaint.

31.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore deny same.

32.    Defendants admit Vida-Flo developed a software platform, "Wellness Program Assessment". Defendants deny the Wellness Program Assessment constitutes a Trade Secret. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

33.    Defendants deny the allegations in paragraph 33 of the Complaint.

34.    Defendants admit certain owners of the entity Defendants signed franchise agreements and that certain owners of Vida Flo Alabama and Vida-Flo Louisiana signed collateral agreements.  The Franchise Agreements and collateral agreements are written documents that speak for themselves. Defendants deny the allegations in paragraph 34 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written documents.  Defendants deny any remaining allegations in this paragraph.

35.    Defendants deny the allegations in paragraph 35 of the Complaint.

36.    Defendants admit Vida-Flo entered into its first Franchise Agreement with Flo West for the Breckinridge Location and subsequently entered into

Franchise Agreements with Vida-Flo Louisiana for the Baton Rouge Location on November 6, 2015 and with Vida Flo Alabama for the Birmingham Location on May 16, 206. The Franchise Agreements are written documents that speak for themselves. Defendants deny the allegations in paragraph 36 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written agreements. Defendants deny any remaining allegations in this paragraph.

37.     Defendants admit the allegations in paragraph 37 of the Complaint.

38.     Defendants respond to the individual subparagraphs of paragraph 38 as stated below:

a.     Defendants admit Mr. Heavern executed a Confidentiality Agreement on or about December 7, 2017 in connection with a proposed amendment to the Flo West Franchise Agreement. Defendants deny the remaining allegations in this subparagraph and demand proof of same.

b.     Defendants admit Mr. Gayle and Mr. Purdy executed documents identified as a personal guaranty, non-disclosure agreement, and confidentiality agreement for Vida-Flo Alabama.   Defendants deny the allegations in this subparagraph to the extent they purport to describe or characterize the content or meaning of those documents. Defendants deny any remaining allegations in this subparagraph.

c.      Defendants admit Brian McCullough executed documents identified as a personal guaranty, non-disclosure agreement, and confidentiality agreement for Vida Flo Louisiana. Defendants deny the allegations in this subparagraph to the extent they purport to describe or characterize the content or meaning of those documents. Defendants deny any remaining allegations in this subparagraph

39.    The Operative Franchise Agreements are written documents that speak for themselves.  Defendants deny the allegations in paragraph 39 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written agreements.  Defendants deny any remaining allegations in this paragraph, including all subparts thereof.

40.    The Operative Franchise Agreements are written documents that speak for themselves.  Defendants deny the allegations in paragraph 40 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written agreements.

41.    Defendants admit the language quoted in paragraph 41 is in the Attachment A of the Operative Franchise Agreements. Defendants deny the allegations in paragraph 41 to the extent they purport to describe or characterize the content or meaning of such written agreements.  Defendants deny any remaining allegations in this paragraph.

42.    Defendants admit paragraph 14.3 of the Operative Franchise Agreements contain the language quoted in paragraph 42 of the Complaint. Defendants deny the allegations in paragraph 42 to the extent they purport to describe or characterize the content or meaning of such written agreements. Defendants deny any remaining allegations in this paragraph.

43.    The Operative Franchise Agreements are written documents that speak for themselves. Defendants deny the allegations in paragraph 43 to the extent they purport to describe or characterize the content or meaning of the written agreements. Defendants deny any remaining allegations in this paragraph.

44.    The NDAs are written documents that speak for themselves. Defendants deny the allegations in paragraph 44 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written agreements. Defendants deny any remaining allegations in this paragraph including any allegation that Mr. Heavern signed an NDA.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants admit Mr. McCullough executed a document titled Personal Guaranty of Franchise Agreement ("Vida Flo Louisiana Guaranty"). The Vida Flo Louisiana Guaranty is a written document that speaks for itself. Defendants deny the allegations in paragraph 46 of the Complaint to the extent they purport to

describe or characterize the content or meaning of the written document. Defendants

deny any remaining allegations in this paragraph.

47.     Defendants admit Mr. Gayle executed a document titled Personal

Guaranty of Franchise Agreement ("Vida Flo Alabama Guaranty"). The Vida Flo

Alabama Guaranty is a written document that speaks for itself. Defendants deny the

allegations in paragraph 47 of the Complaint to the extent they purport to describe

or characterize the content or meaning of the written document. Defendants deny

any remaining allegations in this paragraph.

48.     Paragraph 48 of the Complaint does not make sense, as there are no

confidentiality agreements in paragraph 63, nor is it "above". Accordingly,

Defendants deny the allegations in this paragraph.

49.      The allegations in paragraph 49 of the Complaint are unclear and

confusing and do not reasonably state the "forementioned" restrictive covenants at

issue in this paragraph. Accordingly, Defendants deny the allegations in this

paragraph. Responding further, Defendants state that the Operative Franchise

Agreements and any related confidentiality agreements are written documents that

speak for themselves. Defendants deny the allegations in paragraph 49 of the

Complaint to the extent they purport to describe or characterize the content or

meaning of the written agreements. Defendants deny any remaining allegations in this paragraph.

50.     The Operative Franchise Agreements are written documents that speak for themselves. Defendants deny the allegations in paragraph 50 of the Complaint to the extent they purport to describe or characterize the content or meaning of the written agreements. Defendants deny any remaining allegations in this paragraph.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants admit Michael Gayle (then affiliated with Vida Flo Alabama and now affiliated with Holistic Hydration) and Brett and/or Brian McCullough (then affiliated with Vida-Flo Louisiana and now affiliated with Geaux Fleaux) were on a conference call in November 2017. Defendants deny the remaining allegations in this paragraph.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants admit Defendant Brian McCullough sent letters dated November 1, 2017 and November 3, 2017 to Vida Flo investors. The letters are written documents that speak for themselves. Defendants deny the allegations in paragraph 55 of the Complaint to the extent they purport to describe or characterize

the content or meaning of the letters. Defendants deny any remaining allegations in this paragraph.

56.     Defendants admit the allegations in paragraph 56 of the Complaint.

57.     Each Defendant, only on behalf of his or itself or on behalf of the entity with which he is affiliated, admits such franchisee temporarily stopped paying royalties to Vida-Flo at some point during 2018. Defendants deny the remaining allegations in this paragraph.

58.     Each Defendant, only on behalf of his or itself or on behalf of the entity with which he is affiliated, admits such franchisee made certain requests including forgiveness of certain royalty payments. Defendants deny the remaining allegations in this paragraph.

59.     Defendants admit Flo West and Vida Flo Louisiana entered into agreements titled Amendment to Vida-Flo Franchise Agreement. The Amendments are written documents that speak for themselves. Defendants deny the allegations in paragraph 59 of the Complaint to the extent they purport to describe or characterize the content or meaning of the Amendments. Defendants deny the remaining allegations in this paragraph.

60.     Defendants admit the allegations in paragraph 60 of the Complaint.

61.     Defendants admit the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 63 of the Complaint.

66.     Defendants admit the Birmingham Location began operating as Holistic Hydration Organization 2019 and that after Vida Flo terminated the Flo West and Vida Flo Louisiana Franchise Agreements, Flo West began operating Elite IV Lounge at the Breckenridge location and Geaux Fleaux began operating a clinic at the Louisiana Location. Defendants deny the remaining allegations in this paragraph.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants admit an entity with which Mr. Heavern is affiliated filed a lawsuit against Vida-Flo and others and that Mr. Heavern was involved in a complaint concerning the improper use of Flo West's medical director's credentials

to order pharmaceuticals. Defendants deny the remaining allegations in this paragraph.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

**COUNT I**
**Violations of the Sherman Act**
**(against all Defendants)**

74.     Defendants incorporate their responses to paragraphs 1 through 73 of the Complaint as if set forth fully herein.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants admit certain Defendants were on a conference call with other franchisees in November 2017. Defendants deny the remaining allegations in this paragraph.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants admit they expressed grievances to Vida Flo and, at different times, certain franchisee Defendants did not pay royalties. Defendants deny the remaining allegations in this paragraph.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.    Defendants admit they individually retained counsel. Defendants deny the remaining allegations in paragraph 82 of the Complaint.

83.    Defendants deny the allegations in paragraph 83 of the Complaint.

84.    Defendants deny the allegations in paragraph 84 of the Complaint.

85.    Defendants deny the allegations in paragraph 85 of the Complaint.

## COUNT II
## Violations of the Lanham Act
## (against all Defendants)

86.    Defendants incorporate their responses to paragraphs 1 through 85 of the Complaint as if set forth fully herein.

87.    Defendants admit they were licensed to use the Marks as set forth in the Operative Franchise Agreements. The Operative Franchise Agreements are written documents that speaks for themselves.  Defendants deny the allegations in paragraph 87 to the extent the purport to describe or characterize the content or meaning of the agreements.  Defendants deny any remaining allegations in this paragraph.

88.    Defendants deny the allegations in paragraph 88 of the Complaint.

89.    Defendants deny the allegations in paragraph 89 of the Complaint.

90.    Defendants deny the allegations in paragraph 90 of the Complaint.

91.    Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants admit they continued to operate intravenous hydration clinics. Defendants deny the remaining allegations in this paragraph.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

<u>**COUNT III**</u>
**Violations of the Defend Trade Secrets Act,**
<u>**18 U.S.C. §§ 1832 et seq., and O.C.G.A. § 10-1-769 et seq.**</u>
<u>**(against all Defendants)**</u>

98.     Defendants incorporate their responses to paragraphs 1 through 97 of the Complaint as if set forth fully herein.

99.     Defendants admit Vida-Flo owns any Trade Secrets or Intellectual Property it may have. Defendants deny the remaining allegations in this paragraph.

100.    The first sentence of paragraph 100 states a legal conclusion as to which no response is required.  To the extent a response may be required, Defendants deny such allegations. Defendants deny the remaining allegations in this paragraph.

101.    The first sentence of paragraph 101 states a legal conclusion as to which no response is required.  To the extent a response may be required, Defendants deny such allegations. Defendants deny the remaining allegations in this paragraph.

102.   Upon information and belief, Defendants admit Vida-Flo's server is password protected and employees have specific logins. Defendants deny the remaining allegations this paragraph.

103.   Defendants deny the allegations in paragraph 103 of the Complaint.

104.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint and therefore deny same.

105.   Defendants deny the allegations in paragraph 105 of the Complaint.

106.   Defendants deny the allegations in paragraph 106 of the Complaint, including each subpart thereto.

107.   Defendants deny the allegations in paragraph 107 of the Complaint.

108.   Defendants deny the allegations in paragraph 108 of the Complaint.

109.   Defendants deny the allegations in paragraph 109 of the Complaint.

110.   Defendants deny the allegations in paragraph 110 of the Complaint.

111.   Defendants deny the allegations in paragraph 111 of the Complaint.

112.   Defendants deny the allegations in paragraph 112 of the Complaint.

113.   Defendants deny the allegations in paragraph 113 of the Complaint.

114.   Defendants deny the allegations in paragraph 114 of the Complaint.

<u>**COUNT IV**</u>
<u>**Violations of the Georgia Deceptive Trade Practices Act**</u>
<u>**O.C.G.A. § 10-1-370 et. seq.**</u>
<u>**(against all Defendants)**</u>

115.   Defendants incorporate their responses to paragraphs 1 through 114 of the Complaint as if set forth fully herein.

116.   Defendants deny the allegations in paragraph 116 of the Complaint, including each subpart thereto.

117.   Defendants deny the allegations in paragraph 117 of the Complaint.

118.   Defendants deny the allegations in paragraph 118 of the Complaint.

119.   Defendants deny the allegations in paragraph 119 of the Complaint.

120.   Defendants deny the allegations in paragraph 120 of the Complaint.

121.   Defendants deny the allegations in paragraph 121 of the Complaint.

122.   Defendants deny the allegations in paragraph 122 of the Complaint.

123.   Defendants deny the allegations in paragraph 123 of the Complaint.

<u>**COUNT V**</u>
<u>**Fraud**</u>
<u>**(against all Defendants)**</u>

124.   Defendants incorporate their responses to paragraphs 1 through 123 of the Complaint as if set forth fully herein.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Defendants deny the allegations in paragraph 126 of the Complaint.

127.   Defendants deny the allegations in paragraph 127 of the Complaint.

128.   Defendants deny the allegations in paragraph 128 of the Complaint.

129.   Defendants deny the allegations in paragraph 129 of the Complaint.

130.    Defendants deny the allegations in paragraph 130 of the Complaint.

131.   Defendants deny the allegations in paragraph 131 of the Complaint.

**COUNT VI**
**Conversion**
**(against all Defendants)**

132.   Defendants incorporate their responses to paragraphs 1 through 131 of the Complaint as if set forth fully herein.

133.   Defendants admits Vida-Flo may own certain confidential information it shared with Defendants. Defendants deny the remaining allegations in this paragraph.

134.   Defendants deny the allegations in paragraph 134 of the Complaint.

135.   Defendants deny the allegations in paragraph 135 of the Complaint.

136.   Defendants deny the allegations in paragraph 136 of the Complaint.

137.   Defendants deny the allegations in paragraph 137 of the Complaint.

## COUNT VII
## Tortious Interference with Contractual and Business Relations
## (against all Defendants)

138.   Defendants incorporate their responses to paragraphs 1 through 137 of the Complaint as if set forth fully herein.

139.   Defendants deny the allegations in paragraph 139 of the Complaint.

140.   Defendants deny the allegations in paragraph 140 of the Complaint.

141.   Defendants deny the allegations in paragraph 141 of the Complaint.

142.   Defendants deny the allegations in paragraph 142 of the Complaint.

143.   Defendants deny the allegations in paragraph 143 of the Complaint.

144.   Defendants deny the allegations in paragraph 144 of the Complaint.

## COUNT VIII
## Breaches of Contract
## (against all Defendants)

145.   Defendants incorporate their responses to paragraphs 1 through 144 of the Complaint as if set forth fully herein.

146.   Defendants admit HS-USA Franchise entered into Franchise Agreements with Flo West, Vida-Flo Louisiana, and Vida Flo Alabama and that Flo West and Vida-Flo Louisiana entered into amendments of their Franchise Agreements. Defendants deny the allegations in this paragraph to the extent they purport to describe or characterize the content or meaning of the written Franchise

Agreements and amendments, which speak for themselves. Defendants deny any remaining allegations in this paragraph.

147.    Defendants deny the allegations in paragraph 147 of the Complaint.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

149.    Defendants deny the allegations in paragraph 149 of the Complaint.

150.    Defendants admit the owners of Flo West, Vida-Flo Louisiana, and Vida Flo Alabama operated intravenous hydration clinics at the former Vida Flo locations in Breckenridge, Baton Rouge, and Birmingham, respectively. Defendants deny the remaining allegations in this paragraph.

151.    Defendants deny the allegations in paragraph 151 of the Complaint to the extent the purport to describe or characterize the content or meaning of the Operative Franchise Agreements and any NDAs which are written documents that speak for themselves.  Defendants deny any remaining allegations in this paragraph and deny.  Defendants further deny Mr. Heavern executed the NDA referenced in this paragraph and demand proof of same.

152.    Defendants deny the allegations in paragraph 152 of the Complaint to the extent the purport to describe or characterize the content or meaning of any personal guaranties which are written documents that speak for themselves.

Defendants deny any remaining allegations in this paragraph. Defendants deny Mr. Heavern executed a personal guaranty and demand proof of same.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

## COUNT IX
## Unjust Enrichment
## (against all Defendants)

155.    Defendants incorporate their responses to paragraphs 1 through 154 of the Complaint as if set forth fully herein.

156.    Defendants deny the allegations in paragraph 156 of the Complaint.

## COUNT X
## Treble Damages
## (against all Defendants)

157.    Defendants incorporate their responses to paragraphs 1 through 156 of the Complaint as if set forth fully herein.

158.    Defendants deny the allegations in paragraph 158 of the Complaint.

## COUNT XII
## Punitive Damages
## (against all Defendants)

159.    Defendants incorporate their responses to paragraphs 1 through 158 of the Complaint as if set forth fully herein.

160.    Defendants deny the allegations in paragraph 160 of the Complaint.

161.   Defendants deny the allegations in paragraph 161 of the Complaint.

## COUNT XII
### Attorneys' Fees
### (against all Defendants)

162.   Defendants incorporate their responses to paragraphs 1 through 161 of the Complaint as if set forth fully herein.

163.   Defendants deny the allegations in paragraph 163 of the Complaint.

164.   Defendants deny the allegations in paragraph 164 of the Complaint.

165.   Defendants deny the allegations in paragraph 165 of the Complaint.

166.   Defendants deny the allegations in paragraph 166 of the Complaint.

167.   Defendants deny the allegations in paragraph 167 of the Complaint.

Regarding the unnumbered paragraph of the Complaint beginning "WHEREFORE," Defendants deny Plaintiff is entitled to the relief sought in the Complaint or to any relief whatsoever.

**WHEREFORE** Defendants pray:

(a)   The Complaint be dismissed with prejudice;

(b)   The Court enter judgment for Defendants and against Plaintiffs on all counts of the Complaint;

(c)   The Court award Defendants all attorneys' fees and costs of participating in this litigation; and

(d)     The Court award Defendants such other and further relief as is just and

proper.

Respectfully submitted this 13th day of January, 2023.

/s/ Bryan M. Knight
Bryan M. Knight, Esq.
Georgia Bar No. 142401
Sherri G. Buda, Esq.
Georgia Bar No. 093399

KNIGHT PALMER, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, Georgia 30309
Tel: (404) 228-4822
Fax: (404) 228-4821
bknight@knightpalmerlaw.com
sbuda@knightpalmerlaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>
## <u>WITH LOCAL RULES AND SERVICE</u>

In accordance with Local Rule 7.1(D), I hereby certify that the foregoing was prepared in Times New Roman, 14 point font, one of the fonts specified in Local Rule 5.1(C). I also hereby certify that I have served the foregoing by filing through the Court's CM/ECF system, which will automatically send email notification all attorneys of record.

This 13th day of January, 2023.

/s/ Bryan M. Knight

Bryan M. Knight
Georgia Bar No. 142401