# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>JARED CHRISTIAN SEAVERNS, *et al*.,<br><br>      Defendants. | CIVIL ACTION FILE<br>NO.: 1:19-cv-5192-LLM |

**MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, AND HOLISTIC HYDRATION ORGANIZATION, LLC'S OBJECTIONS AND RESPONSES TO HYDRATION STATION USA, FRANCHISE SYSTEM, LLC'S FIRST CONTINUING INTERROGATORIES**

Defendants Michael Gayle, Vida Flo Alabama, LLC, and Holistic Hydration, LLC hereby respond to *Plaintiff's Continuing Interrogatories Defendants Michael Gayle, Vida Flo Alabama, LLC, and Holistic Hydration Organization, LLC* as follows:

**1.    For the previous five (5) years, identify all of Michael Gayle, Vida Flo Alabama, and Holistic Hydration's phone numbers and the phone service provider for each number. If you switched phone service providers, please provide the time from you used each provider.**

Defendants object to this interrogatory as overly broad. Defendants object to this interrogatory to the extent it seeks information not relevant to the claims and defenses in case or likely to lead to the discovery of relevant evidence. Subject to these objections, Defendants respond as follows:



**2.     Identify all officers, members, managers, owners, and employees of Vida Flo Alabama for the previous 5 years.**

Defendants object to this interrogatory as overly broad and unduly burdensome. Defendants object to this interrogatory to the extent it seeks information not relevant to the claims and defenses in case or likely to lead to the discovery of relevant evidence. Subject to these objections, Defendants provide the following information for the period from January 1, 2017 to the present:





Defendants note that Vida Flo has not operated for more than a year-and-a-half, such that Defendants do not presently have information for all former employees.

**3. Identify all officers, members, managers, owners, and employees for Holistic Hydration for the previous 5 years.**

Defendants object to this interrogatory as overly broad and unduly burdensome. Defendants object to this interrogatory to the extent it seeks information not relevant to the claims and defenses in case or likely to lead to the discovery of relevant evidence. Subject to these objections, Defendants provide the following information for the period from January 1, 2017 to the present:



**4.     For the previous five (5) years, identify all entities in which Mr. Gayle, Vida Flo Alabama, or Holistic Hydration held any ownership interest or were an officer, member, manager, or employee, with descriptions of their relationship to each such entity.**

Defendants object to this interrogatory as overly broad and unduly burdensome. Defendants object to this request to the extent it seeks information not relevant to the claims and defenses in this litigation or likely to lead to the discovery

of relevant evidence. Defendants object to this request as disproportionate to any legitimate needs in this case.

**5.     For the previous five (5) years, identify all of Mr. Gayle's employers, with the position held with each employer, and the reason for leaving each employer.**

Defendants object to this interrogatory to the extent it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence. Subject to this objection, Defendants state:

[redacted]

**6.     Identify all persons who provided any information, or with whom you consulted, in preparation of the responses to these Interrogatories served on you in this litigation.**

Michael Gayle and the undersigned counsel.

**7.     Identify all documents you relied on or referred to in responding to these Interrogatories served on you in this Litigation.**

Defendants object to this interrogatory as unduly burdensome and disproportionate to the needs of this case. Defendants object to this interrogatory to the extent it seeks information protected by attorney-client privilege and/or the work-product doctrine. Subject to these objections, Defendants will produce they documents they referred to or relied upon in responding to these interrogatories.

**8.     Identify each person who has knowledge of any fact or circumstances regarding the matters set forth in the Complaint, Answer, or Defendant's Counterclaim, and for each such person, state what facts or knowledge the have regarding those matters.**

Defendants object to this interrogatory as overly broad. Defendants object to this interrogatory as vague and ambiguous to the extent it requires them to speculate as to what fact and circumstances "regard[] the matters set forth in the Complaint, Answer, or Defendant's Counterclaims". Defendants object to this interrogatory to the extent it requires them speculate as to the knowledge of others. Subject to these objections, and based on Defendants' personal knowledge, Defendants respond:

a.     Michael Gayle. Mr. Gayle has knowledge of the Vida Flo Alabama franchise agreement, Vida Flo Alabama's operations and interactions with Plaintiffs and Co-Defendants, the operations of Holistic Hydration, and the factual allegations in Defendants' Counterclaims.

b.     Keith McDermott. Mr. McDermott has knowledge of the Vida Flo Alabama franchise agreement, communications and issues between Defendants and Plaintiffs, and the email communication that forms the basis of Mr.Gayle's defamation claim.

c.     Ryan Heavern, Brian McCullough, Brett McCullough, and Christian Seaverns. Mr. Heavern, Mr. Seaverns and Messrs. McCullough have knowledge of September 2017 communications among Mr. Heavern, Mr. Gayle, Mr. Seaverns, Brian McCullough and Brett McCullough. Mr. Heavern, Brian McCullough, and

6

Brett McCullough have knowledge of November 2017 communications between Michael Gayle, Messrs. McCullough and Mr. Heavern and the November 2017 Vote of No Confidence Letter.

      d.     Katie Shirah. Upon information and belief, Ms. Shirah has knowledge of overcharges to Vida Flo Alabama.

**9.     Identify all statements, whether oral, written, or in any other form, obtained from any person identified in response to Interrogatory No. 8.**

None.

**10.    State all facts supporting, contradicting, or otherwise related to the allegations in Defendants' Counterclaims, including but not limited to:**

      **a)     all facts supporting contradicting, or otherwise related to your allegation that Hydration Station USA Franchise System, LLC breached its contract with Vida Flo Alabama as alleged in paragraphs 30-36 of Defendants' Counterclaims.**

      **b)     all facts supporting, contradicting, or otherwise related to your allegation that Vida-Flo defrauded Vida-Flo Alabama and Mr. Gayle as alleged in paragraphs 37-43 of Defendant's Counterclaims.**

      **c)     all facts supporting, contradicting, or otherwise related to your allegation that Vida-Flo defamed Vida Flo Alabama and Mr. Gayle as alleged in paragraphs 44-46 of Defendants' Counterclaims.**

      **d)     all facts supporting, contradicting, or otherwise related to your claim for attorney's fees and expenses in Defendants' Counterclaims.**

Defendants object to this interrogatory as overly broad. Defendants object to this interrogatory as vague and ambiguous. Defendants can reasonably be expected to respond only to specific interrogatories, and the vagueness of Plaintiff's request for "all facts supporting, contradicting, or otherwise related to" Defendants'

7

Counterclaims unreasonably places Defendants in jeopardy of inadvertently omitting responsive information. Subject to these objections, Defendants refer Plaintiffs to Defendants' response to Interrogatory No. 12.

**11. State all facts supporting, contradicting, or otherwise related to the Alabama Defendants' denials of the allegations in the Complaint.**

Defendants object to this interrogatory as overly broad, unduly burdensome, vague and ambiguous. Defendants can reasonably be expected to respond only to specific interrogatories, and the vagueness of Plaintiff's request for "all facts supporting, contradicting, or otherwise related to" each of their denials to the allegations in 84-page, 245-paragraph Amended Complaint places Defendants in unreasonable jeopardy of inadvertently omitting responsive information. Defendants request that Plaintiff narrow this interrogatory to seek specific facts or information.

**12. State all facts supporting, contradicting, or otherwise related to the "valid grievances" that the Alabama Defendants allege on page 2 of the Initial Disclosures of Michael Gayle, Vida Flo Alabama, LLC, and Holistic Hydration Organization, LLC.**

Defendants object to the request to "state all facts" related to the referenced grievances as vague and ambiguous such that it places Defendants in unreasonable jeopardy of inadvertently omitting responsive information. Subject to this objection, Defendants state:

- The subject Franchise Agreement required Vida-Flo to provide marketing materials to Vida Flo Alabama. Vida-Flo, however, provided only

8

limited and intermittent marketing materials and support that were not sufficient to successfully operate or grow the franchise. Vida-Flo corporate employees did not respond to Vida Flo Alabama's requests for marketing support.

- Pursuant to the subject Franchise Agreement, Fulfillment sales to Vida Flo Alabama could be made only at "cost plus shipping fees and a reasonable markup." In addition, Mr. McDermott told Mr. Gayle that Vida-Flo would not markup supplies more than a reasonable amount and would not charge Vida Flo Alabama more for products than Vida Flo Alabama could purchase the same items for from other suppliers. In or about second half of 2017, it became apparent to Vida Flo Alabama that Fulfillment was charging more than a reasonable markup on fluid purchases. Vida Flo Alabama asked for information concerning supplier pricing, which information Plaintiffs refused to provide. In or about September 2017, a shortage of IV saline fluid caused franchisees, including Vida Flo Alabama, to contact suppliers directly. Such inquiries confirmed Vida Flo Alabama's concerns of Fulfillment price gouging. In particular, Vida Flo Alabama discovered that Bee Line Medical Supply charged only $42.00 for a case of IV saline fluid that Fulfillment attempted to sell to Vida Flo Alabama for $85.00 per case with a requirement to purchase 25 cases. In addition, Vida-Flo claimed to have purchasing agreements with suppliers that would ensure an uninterrupted supply of IV fluids. During the second half of 2017, Vida Flo Alabama came to believe there were never

any such agreements. Furthermore, Vida-Flo sold Vida Flo Alabama other items, such as tables and chairs, at higher prices than Vida Flo Alabama could purchase the items from other suppliers.

- During the second half of 2017, Vida Flo Alabama lost confidence in Keith McDermott's leadership of the Vida-Flo franchise system. The reasons for Vida Flo Alabama's lack of confidence in Mr. McDermott are set forth in the November 3, 2017 "Vote of No Confidence" letter prepared by Brian McCullough and consented to by Michael Gayle.

- Every month from December 2016 through July 2018, Vida-Flo charged Vida Flo Alabama a $1,000 technology fee for which Vida Flo Alabama received no benefit.

- During 2018, Mr. McDermott was openly hostile to Vida Flo Alabama and Mr. Gayle. Defendants will produce the text messages reflecting Mr. McDermott's unprofessional and hostile comments.

- During 2018, Defendants repeatedly asked Plaintiffs for transparency concerning the prices at which Plaintiffs purchased items they re-sold to Vida Flo Alabama, which requests Plaintiffs consistent refused.

- In or about June 2018, Mr. McDermott falsely told Mr. Gayle that Plaintiffs had resolved the price gouging issues will all other franchisees.

- During November 2018, Mr. McDermott modified Mr. Gayle's access to and capabilities on Booker so that Vida Flo Alabama could not process orders.

- On January 11, 2019, Vida-Flo sent an email to all Vida Flo Alabama members and customers. The email included false statements including: (i) Vida-Flo cut ties with Vida Flo Alabama due to Vida Flo Alabama's bad business practices; and (ii) Vida-Flo never had access to or received funds from memberships. Further, the email named Mr. Gayle as an owner and provided his personal email address and phone number.

**13. Identify each and every document or other physical evidence of which the Alabama Defendants are aware, which contains relevant information, or which is itself relevant to the subject matter of this Litigation, any alleged defense, or Defendants' Counterclaim.**

Defendants object to this interrogatory as overly broad, vague and ambiguous. Defendants can reasonably be expected to respond only to specific interrogatories, and the vagueness of Plaintiff's request to identify each and every document containing relevant information unreasonably places Defendants in jeopardy of inadvertently omitting responsive information. Notwithstanding these objections, Defendants will produce all documents of which they are aware that are responsive to this interrogatory. The burden of "identifying" responsive documents from such production is the same for Plaintiffs as for Defendants.

**14.    Identify each person who will or may testify as a witness, in person or through deposition, at any trial of this action; and for each, include the specific subject matter upon which the person is expected to testify.**

Defendants object to this interrogatory to the extent it purports to require Defendants to speculate as to who any other party may call as a witness. Defendants object to this interrogatory as premature, as Defendants have not yet determined who they will call as witnesses or subjects of their testimony. Subject to these objections, Defendants state they presently intend to call Mr. Gayle and Mr. McDermott as witnesses. Defendants expect Mr. Gayle and Mr. McDermott to testify concerning the franchise agreement, Plaintiffs' and Defendants' purchase and sale of IV fluids and supplies; and communications between Plaintiffs and Defendants. In addition, Defendants expect Mr. Gayle to testify about the operation of Vida-Flo Alabama, the lack of support from Plaintiffs, and Defendants communications with Co-Defendants.

**15.    Please identify all documents you may use as evidence in the trial of this Lawsuit.**

Defendants have not yet determined the documents they may use as evidence at trial, and it would be premature for them to have done so as the facts in this case are still being developed. Defendants do not intend to determine the documents they may use at trial until discovery is complete. Defendants will amend or supplement this response in accordance with the requirements of the Federal Rules of Civil Procedure.

**16.   Identify all persons who participated in the November 2017 Call and for each participant identify any statements they may have made.**

Defendants object to this request to on the grounds Plaintiffs' description of the so-called November 2017 Call is vague and ambiguous. Defendants object to this request on the grounds it unreasonably asks them to recall the participants in and statements made on a phone call that occurred more than 2 ½ years ago. Subject to these objections, and based on their understanding of "the November 2017 Call," Defendants state Michael Gayle, Brett McCullough, and Brian McCullough participated in the call. Brian McCullough was a practicing lawyer who was engaged by Brett McCullough and Mr. Gayle. Accordingly, the statements made on the call are protected by the attorney-client privilege.

**17.   For the past 5 years, identify all communications you had with any of the Co-Defendants related to Vida Flo Alabama's franchisee relationship with Vida-Flo.**

Defendants object to this interrogatory as overly broad, unduly burdensome, and not reasonably proportionate to the needs of this case. In particular, Mr. Gayle and Derrick Purdy co-own Vida Flo Alabama, and it is overly burdensome and unreasonable for Defendants to identify all responsive communications with Mr. Purdy. Nor can Defendants reasonably be expected to recall all communications with the other co-defendants for a period of 5 years. Defendants object to this interrogatory to the extent it seeks information not relevant to the claims and defenses in this litigation or likely to lead to the discovery of relevant evidence.

13

Subject to these objections, with respect to communications with Co-Defendants other than Mr. Purdy, Defendants recall the following responsive communications with Co-Defendants other than Mr. Purdy: respond:

a) During September, 2017, Mr. Gayle communicated with Ryan Heavern, Christian Seaverns, Brett McCullough and Brian McCullough concerning the shortage of certain fluids needed to run their respective franchises. As part of their discussions, these gentlemen discussed the possibility of purchasing fluids from suppliers other than fulfillment and the apparent over-charging by fulfillment;

b) During November 2017, Mr. Gayle communicated with Mr. Heavern, Brett McCullough and Brian McCullough. The content of such communications is privileged.

c) In or about April and/or May 2018, Mr. Gayle communicated with Web Raulston concerning Vida Flo Alabama's discussions with Plaintiffs concerning Vida Flo Alabama's possible exit from the Vida-Flo franchise system.

To the extent Defendants have any non-privileged or protected written communications responsive to this request in their possession, custody, or control Defendants will produce such communications.

**18. If the Alabama Defendants have ever been involved in litigation (either as a plaintiff or as a defendant) other than this litigation, please identify: the court; the style of the case; the cause of action asserted; and the outcome of the case, including settlement or judgment and amounts, if any.**

Defendants object to this interrogatory on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence. Subject to this objection, Defendants respond: None.

**19. If you have withheld any documents based upon a claim of privilege, please identify each such document and state the factual and legal basis for the privilege.**

If Defendants' withhold documents based on privilege, they will produce a privilege log of same.

This the 30th of July, 2020.

/s/ Bryan M. Knight
Bryan M. Knight, Esq.
Georgia Bar No. 142401
Sherri G. Buda, Esq.
Georgia Bar No. 093399
KNIGHT PALMER, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, Georgia 30309
Tel: (404) 228-4822
Fax: (404) 228-4821
bknight@knightpalmerlaw.com
sbuda@knightpalmerlaw.com

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>JARED CHRISTIAN SEAVERNS, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO.: 1:19-cv-5192-LMM |

## **VERIFICATION**

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oath, Michael Gayle who after being duly sworn, states he has read MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, and HOLISTIC HYDRATION ORGANIZATION, LLC'S OBJECTIONS AND RESPONSES TO HYDRATION STATION USA FRANCHISE SYSTEM, LLC'S FIRST CONTINUING INTERROGATORIES and that the information contained therein is true and correct to the best of his personal knowledge.

_____
Michael Gayle

Sworn to and subscribed before me
this 30th day of July 2020.

_____
Notary Public
My commission expires: 9-11-22



## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>    Plaintiffs,<br>v.<br>JARED CHRISTIAN SEAVERNS, *et al.*,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO.: 1:19-cv-5192-LMM |

### **VERIFICATION**

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oath, Michael Gayle, as the agent for Vida Flo Alabama, LLC, who after being duly sworn, states he has read MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, and HOLISTIC HYDRATION ORGANIZATION, LLC'S OBJECTIONS AND RESPONSES TO HYDRATION STATION USA FRANCHISE SYSTEM, LLC'S FIRST CONTINUING INTERROGATORIES and that the information contained therein is true and correct to the best of his personal knowledge.

                                                                  _/s/ Michael Gayle_
                                                                   Michael Gayle,
                                                                   Agent, Vida Flo Alabama, LLC

Sworn to and subscribed before me
this 30th day of July 2020.

_/s/ Valorie W. Lee_
Notary Public
My commission expires: 9-11-22



IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JARED CHRISTIAN SEAVERNS, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO.: 1:19-cv-5192-LMM |

### VERIFICATION

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oath, Michael Gayle, as the agent for Holistic Hydration Organization, LLC, who after being duly sworn, states he has read MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, and HOLISTIC HYDRATION ORGANIZATION, LLC'S OBJECTIONS AND RESPONSES TO HYDRATION STATION USA FRANCHISE SYSTEM, LLC'S FIRST CONTINUING INTERROGATORIES and that the information contained therein is true and correct to the best of his personal knowledge.

_____
Michael Gayle,
Agent, Holistic Hydration Organization, LLC

Sworn to and subscribed before me
this 30 day of July 2020.

_____
Notary Public
My commission expires: 9-11-22

