## IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HYDRATION STATION USA FRANCHISE SYSTEM, LLC and VIDA-FLO USA FULFILLMENT LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>JARED CHRISTIAN SEAVERNS, *et al.*,<br><br>　　　Defendants. | CIVIL ACTION FILE NO.: 1:19-cv-5192-LLM |

## MICHAEL GAYLE, VIDA FLO ALABAMA, LLC, AND HOLISTIC HYDRATION ORGANIZATION, LLC'S OBJECTIONS AND RESPONSES TO HYDRATION STATION USA, FRANCHISE SYSTEM, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Michael Gayle, Vida Flo Alabama, LLC, and Holistic Hydration Organization (together, "Defendants") hereby respond to *Plaintiff's First Request for Production of Documents to Defendants Michael Gayle, Vida Flo Alabama, LLC and Holistic Hydration Organization, LLC* as follows:

**1.　Please produce all documents you may use as evidence in the trial of this Lawsuit.**

Defendants have not yet determined the documents they may use as evidence at trial. Defendants will supplement this response in accordance with the requirements of the Federal Rules of Civil Procedure.

**2.　Please produce each document referenced or identified, or each document that the Alabama Defendants were requested to identify, in response to the Interrogatories served on the Alabama Defendants in this Litigation.**

Defendants incorporate their objections to Plaintiff's interrogatories to Defendants concerning the identification of documents as if set forth fully herein. Subject to such objections, Defendants will produce the documents responsive to this request in their possession, custody, and control in accordance with their responses to Plaintiff's interrogatories.

**3.    Please produce all documents that the Alabama Defendants relied upon in answering the Interrogatories served on the Alabama Defendants in this Litigation or that are related to said Interrogatory responses.**

Defendants object to the request for documents that are "related to" their interrogatory responses as vague and ambiguous. Defendants will produce the documents they relied upon in responding to Plaintiff's interrogatories and will produce such other documents in their possession, custody, or control that they reasonably believe are "related to" their responses.

**4.    Please produce all documents that support, relate to, evidence, or contradict the allegations or assertions in the Complaint, Answer or Defendants' Counterclaims.**

Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page document to determine what documents may support, relate to, evidence, or contradict any allegation therein as well as any allegation in their Answer and Defendants'

Counterclaim.  Subject to these objections, Defendants will produce the documents in their possession, custody, or control that Defendants reasonably believe are responsive to this request.

**5.     Please produce all communications between Plaintiffs and the Alabama Defendants that relate to the allegations or assertions in the Complaint, Answer or Defendants' Counterclaims.**

Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in that 84-page document as well as Defendants' Answer and Counterclaim to determine what communications may relate to any allegation or assertion therein. Subject to these objections, Defendants will produce the documents in their possession, custody, or control they reasonably believe respond to this request.

**6.     Please produce all communications between the Alabama Defendants and any Co-Defendants that relate to the allegations or assertions in the Complaint, Answer or Defendants' Counterclaims, including communication related to the November 2017 Call.**

Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page document to determine what communications may relate to any allegation or assertion in the

Complaint, Answer, or Counterclaims.  Defendants object to this request to the extent it seeks communications protected by the marital privilege.  Subject to these objections, Defendants will produce the documents in their possession, custody, or control, if any, they reasonably believe respond to this request.

**7.     Please produce all communication between the Co-Defendants that relate to the allegations in the Complaint, Answer, or Defendants' Counterclaims.**

Defendants object to this request as overly broad, unduly burdensome, vague, ambiguous, and confusing. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Amended Complaint and Defendants' Answer and Counterclaims to determine what communications may relate to any allegation or assertion therein.  Defendants object to this request to the extent it seeks any communication protected by marital privilege. Further, insofar as it is Defendants' understanding that any documents in their possession, custody, or control responsive to this request would necessarily be responsive to Request No. 6, Defendants object to this request as duplicative of that request. Subject to these objections, Defendants will produce the documents in their possession, custody, or control, if any, they reasonably believe are responsive to this request.

**8.      Please produce a copy of the resume or curriculum vitae of any expert the Alabama Defendants intend to use in this Litigation.**

Defendants object to this request as ambiguous to the extent it does not specify whether the term "expert" refers to consulting experts, testifying experts, or both. Subject to this objection, Defendants state they have not yet identified any expert they may use in this case. In the event Defendants identify a testifying expert, they will produce responsive documents.

**9.      Please produce a copy of the report of any expert the Alabama Defendants intend to use in this Litigation.**

Defendants object to this request as ambiguous to the extent it does not specify whether the term "expert" refers to consulting experts, testifying experts, or both. Subject to this objection, Defendants state they have not yet identified any expert they may use in this case. In the event Defendants identify an expert, they will produce responsive documents in accordance with the requirements of the Federal Rules of Civil Procedure.

**10.     Please produce a copy of any materials relied upon by any expert the Alabama Defendants intend to use in this Litigation.**

Defendants object to this request as ambiguous to the extent it does not specify whether the term "expert" refers to consulting experts, testifying experts, or both. Subject to this objection, Defendants state they have not yet identified any expert they may use in this case. In the event Defendants identify an expert, they will

produce responsive documents in accordance with the requirements of the Federal Rules of Civil Procedure.

**11.     Please produce all contracts in which the Alabama Defendants are a party that relate in any way to the allegations in the Complaint, Answer, and Defendants' Counterclaims.**

Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Amended Complaint and Defendants' Answer and Counterclaims to determine what contracts may "relate in any way" to the allegations therein.  Subject to these objections, Defendants will produce a copy of the Franchise Agreement between Vida Flo Alabama and Hydration Station USA Franchise System, LLC.

**12.     Please produce all invoices submitted to or from the Alabama Defendants to or from any of the Co-Defendants from June 1, 2017 through the current date.**

Defendants object to this request to the extent it seeks information that is not relevant to the claims and defenses in this litigation or likely to lead to the discovery of admissible evidence. Subject to this objection, Defendants state they do not have documents responsive to this request in their possession, custody, or control.

**13.   Please produce all documents related to Vida Flo Alabama's payment for any items related to hydration therapy, including intravenous fluids and the equipment to deliver them from June 1, 2017 until the present.**

Defendants object to the for "all documents . . . related to payment" as disproportionate to the needs of this case. Defendants object to the request on the grounds the term "items related to hydration therapy" is vague and ambiguous. Subject to and without waiving these objections, Defendants will produce responsive invoices received by Vida Flo Alabama that are in Defendants' possession, custody, or control.

**14.   Please produce all documents related to Holistic Hydration's payment for any items related to hydration therapy, including intravenous fluids and the equipment to deliver them from June 1, 2017 until the present.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence. Defendants object to this request on the grounds it seeks confidential business information of Vida Flo Alabama. Defendants object to the for "all documents . . . related to payment" as disproportionate to the needs of this case. Defendants object to the request on the grounds the term "items related to hydration therapy" is vague and ambiguous.

**15.   Please produce all documents and accounting records of Vida Flo Alabama showing all financial contributions and distributions made within the past[] five (5) years.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of

relevant evidence. Defendants object to this request on the grounds it seeks confidential business information of Vida Flo Alabama and its members.

**16.    Please produce all documents and accounting records of Holistic Hydration showing all financial contributions and distributions made within the past[] five (5) years.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence. Defendants object to this request on the grounds it seeks confidential business information of Holistic Hydration and its members.

**17.    Please produce all documents relating to Mr. Gayles financial contributions to Vida Flo Alabama.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence.

**18.    Please produce all documents relating to Mr. Gayles financial contributions to Holistic Hydration.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence.

**19.    Please produce all documents relating to Vida Flo Alabama's operating expenses and revenues for the past five (5) years.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of

relevant evidence. Defendants object to this request as disproportionate to any possible need in this case.

**20.    Please produce all documents relating to Holistic Hydration's operating expenses and revenues for the past five (5) years.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence. Defendants object to this request as disproportionate to any possible need in this case.

**21.    Please produce Vida Flo Alabama's operating agreement, bylaws, articles of organization, and other formation documents.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence.

**22.    Please produce Holistic Hydration's operating agreement, bylaws, articles of organization, and other formation documents.**

Defendants object to this request on the grounds it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant evidence.

**23.    Please produce all communications between Ryan Heavern, Christian Seaverns, Eva Heavern a/k/a Eva Schubertova, Brett McCullough, Brian McCullough, Michael Gayle, Web Ralston, Shawn Forbas, Matt Borah, Jason Trembley, Peter Park, Lauren Kaufman, Brett Snellgrove, Derrick Purdy, Jonathan Frost, Brendan Doucette, or Timothy Nowak, that relate to the allegations or assertions in the Complaint, Answer, or Defendants' Counterclaims.**

Defendants object to this request as overly broad, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Amended Complaint, the Answer and Defendants' Counterclaims to determine what communications may relate to any allegation or assertion therein. Subject to these objections, Defendants will produce the documents in their possession, custody, or control, if any, they reasonably believe respond to this request.

**24.    Please produce all documents related to your allegation that Hydration Station USA Franchise System, LLC breached its contract with Vida Flo Alabama as alleged in paragraphs 30-36 of Defendants' Counterclaims.**

Defendants will produce the documents responsive to this request in their possession, custody, or control.

**25.    Please produce all documents related to your allegation that Vida-Flo defrauded Vida Flo Alabama and Mr. Gayle as alleged in paragraphs 37-43 of Defendants' Counterclaims.**

Defendants will produce the documents responsive to this request in their possession, custody, or control.

**26.    Please produce all documents related to your allegation that Vida-Flo defamed Vida Flo Alabama and Mr. Gayle as alleged in paragraphs 44-46 of Defendants' Counterclaims.**

Defendants will produce the documents responsive to this request in their possession, custody, or control.

27. **Please produce all documents related to your claim for attorneys' fees and expenses in Defendants' Counterclaims.**

Defendants will produce the documents in their possession, custody, or control supporting their request for attorneys' fees and expenses. Defendants will produce properly redacted invoices evidencing their attorneys' fees prior to trial.

28. **Please produce all Vida Flo Alabama's internal communications regarding any of the allegations in the Complaint, Answer, or Defendants' Counterclaims.**

Defendants object to this request as overly broad, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Complaint, the Answer and Defendants' Counterclaims to determine what communications may relate to any allegation or assertion therein. Subject to these objections, Defendants will produce the documents in their possession, custody, or control, if any, they reasonably believe respond to this request.

29. **Please produce all Holistic Hydration's internal communications regarding any of the allegations in the Complaint, Answer, or Defendants' Counterclaims.**

Defendants object to this request as overly broad, vague, and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Complaint, the Answer and Defendants'

Counterclaims to determine what communications may relate to any allegation or assertion therein. Subject to these objections, Defendants will produce the documents in their possession, custody, or control, if any, they reasonably believe respond to this request.

**30. Please produce all documents related to your calculation of damages in this Lawsuit.**

Defendants object to the request for documents "related to" their calculation of damages as vague and ambiguous. Defendants will produce all documents they referred to or relied upon to calculate their damages.

**31. Please produce all Vida Flo Alabama's phone records from January 1, 2017 until the present.**

Defendants object to this request to the extent it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant information. Defendants object to this request to the extent it seeks confidential information. Subject and without waiving these objections, Defendants will produce the documents responsive to this request in their possession, custody, or control.

**32. Please produce all Holistic Hydration's phone records from January 1, 2017 until the present.**

Defendants object to this request to the extent it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant information. Defendants object to this request to the extent it seeks confidential

information. Subject and without waiving these objections, Defendants will produce the documents responsive to this request in their possession, custody, or control.

**33.    Please produce Mr. Gayle's phone records from January 1, 2017 until the present.**

Defendants object to this request to the extent it seeks information not relevant to the claims and defenses in this case or likely to lead to the discovery of relevant information. Defendants object to this request to the extent it seeks confidential information. Subject and without waiving these objections, Defendants will produce the documents responsive to this request in their possession, custody, or control.

**34.    Please produce all of Vida Flo Alabama's marketing materials, including any advertisements for the past 5 years.**

Defendants object to the request for "marketing materials" as vague and ambiguous. Subject to this objection, Defendants will produce the documents in their possession, custody, or control they reasonably believe are responsive to this request.

**35.    Please produce all of Holistic Hydration's marketing materials, including any advertisements for the past 5 years.**

Defendants object to the request for "marketing materials" as vague and ambiguous. Subject to this objection, Defendants will produce the documents in their possession, custody, or control they reasonably believe are responsive to this request.

**36.    Please produce all documents in your possession, custody, or control that are relevant to, support, or refute any of the allegations in the Complaint, Answer, or Defendants' Counterclaims not already produced in response to any preceding request.**

Defendants object to the request as overly broad, unduly burdensome, vague and ambiguous. The Amended Complaint is 84 pages long and contains 245 paragraphs, many of which contain multiple sub-paragraphs. Defendants cannot reasonably be expected to parse through each allegation in the 84-page Amended Complaint, the Answer, and Defendants' Counterclaims to determine what communications may relate to any allegation or assertion therein. Subject to these objections, Defendants state that they are not aware of any documents in their possession, custody, or control that are responsive to this request.

This the 30th of July, 2020.

/s/ Bryan M. Knight
Bryan M. Knight, Esq.
Georgia Bar No. 142401
Sherri G. Buda, Esq.
Georgia Bar No. 093399
KNIGHT PALMER, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, Georgia 30309
Tel: (404) 228-4822
Fax: (404) 228-4821
bknight@knightpalmerlaw.com
sbuda@knightpalmerlaw.com